**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| IN RE:<br>    ROBERT DALE GAINES<br><br>                    DEBTOR(S). | )<br>)<br>)<br>)  CASE NO: 14-11766<br>)  CHAPTER 13<br>)<br>) |

<u>SECOND AMENDED CHAPTER 13 PLAN</u>

Debtor or Debtors (hereafter Debtor) proposes:

1. **PLAN TERMS**:

    a.    The Debtor's annualized current monthly income is not less than the median family income for a Kansas household of applicable size. The Applicable Commitment Period (the time over which the Plan will run) is not less than 5 years, but in any event, not more than 5 years.

    b.  Plan payments will be in the following amounts:

| $ | for | 10 | months = | 2,000.00 |
|---|---|---|---|---|
| $375.00 | for | 50 | months = | 18,750.00 |
| $ | for |  | months = |  |

    c.  Plan payments include the following total amount being paid pursuant to the means test calculation from Official Form 22C: $55,642.20.

    d.  Plan payments shall be made by:

        ☐ Employer pay order directed to:

| ☐ Debtor's Employer<br>(retype Debtor's name for clarification)<br><br>Payment order to this employer shall be in the monthly amount of: $0.00<br>    Employer name and address: | ☐ Joint Debtor's Employer<br>(retype Joint Debtor's name for clarification)<br><br>Payment order to this employer shall be in the monthly amount of: $0.00<br>    Employer name and address: |
|---|---|

        ☒ Debtor pay order directed to Debtor

**NON-STANDARD PROVISIONS FOR ¶ 1:**
**N/A**

2. **EFFECT OF CONFIRMATION:**

   ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN MAY BE DEEMED TO HAVE ACCEPTED THE PLAN. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.

   CONFIRMATION OF THE PLAN WILL BE DEEMED A FINDING BY THE BANKRUPTCY COURT THAT DEBTOR HAS COMPLIED WITH ALL OF THE APPLICABLE SECTIONS OF 11 U.S.C. §§ 1322 AND 1325 AND THAT DEBTOR HAS FULFILLED ALL PRE-CONFIRMATION OBLIGATIONS UNDER 11 U.S.C. § 521.

3. **ADMINISTRATIVE FEES:**

   a. The Chapter 13 Trustee will be paid up to 10% on all funds disbursed.

   b. Debtor's attorney fees will be paid through the Plan as stated below, subject to modification by the Trustee of the time period over which fees will be paid, as necessary to make the Plan feasible. Counsel for Debtor reserves the right to submit additional fee applications, but payment is subject to Court approval. Debtor consents to such increases in Plan payments as may be necessary to pay any approved additional fees.

   | | |
   |---|---:|
   | Fees for the case: | $3,000.00 |
   | Case closing fees | $350.00 |
   | Total fees paid to date: | $25.00 |
   | **Balance of fees to be paid through the Plan:** | **$3,325.00** |
   | Number of months over which fees shall be paid: | 24 |

**NON-STANDARD PROVISIONS FOR ¶ 3:**
N/A

4. **FILING FEE**:

   ☒ The filing fee has been paid.

   OR

   ☐ $_____ has been paid and the balance of $_____ will be paid by the Trustee.

5. **TAX RETURNS:** Federal and state tax returns for the preceding four years:

   ☒ have been filed; or,

   ☐ have not been filed. Debtor has not filed returns for the following years: _____.

**NON-STANDARD PROVISIONS FOR ¶ 5:**
N/A

6. **DOMESTIC SUPPORT OBLIGATIONS:** Domestic Support Obligations (hereafter, "DSO") are defined by 11 U.S.C. § 101(14A), but usually encompass most child support and alimony obligations.

Model Form Plan 12/1/11

**Status:**

    1) ☒ The Debtor does NOT owe a DSO.
    2) ☐ The Debtor DOES owe a DSO. (Complete entire section if DSO owed.)

    a. **Type of DSO owed:** The obligation consists of payments that are: (select any that are applicable)

        1) ☐ Ongoing (post-petition DSO payments)
        2) ☐ Arrearage

    b. **Ongoing post-petition payments:** If Debtor has an existing order under state law to pay a DSO obligation, that will continue and the payment will be made outside the Plan in accordance with that order. If Debtor does not have an existing DSO order, and intends to pay any DSO through the Plan, Debtor must specify treatment of the ongoing DSO in the "Non-Standard Provisions" section for paragraph 6.

    c. **Arrearages for Pre-Petition DSO:** Any pre-petition amount due on a DSO will be:

        ☐ paid in full through the Plan; or,
        ☐ paid in full, directly outside the Plan, through an existing order; or,
        ☐ not paid (and not discharged) because Debtor is paying all projected disposable income for a 5-year period through the Plan and the arrearage has been assigned to a governmental unit as defined by 11 U.S.C. § 507(a)(1)(B).

    d. **Summary:** Below is a summary of all Domestic Support Obligations.

| NAME OF RECIPIENT | PRE-PETITION ARREARS (if any) |
|---|---|
|  | $ |
|  | $ |
|  | $ |

    e. **Domestic Support Obligations and Discharge:** If Debtor pays all DSO arrearages and all ongoing DSO payments, if any, in accordance with this Plan, Debtor will be deemed "current" for the purpose of being eligible for discharge, upon completion of the Plan.

**NON-STANDARD PROVISIONS FOR ¶ 6:**
**N/A**

7.   **PRIORITY CLAIMS**:

    a. **General Provision:** Debtor will pay all allowed priority claims under 11 U.S.C. § 507 without post-petition interest. The Chapter 13 Trustee will pay the amount contained in the creditor's proof of claim, unless the Court sustains an objection filed by Debtor to the claim. If a priority claim creditor also claims a secured debt, the secured portion will be treated as a secured claim together with Trustee's discount rate of interest as of the petition date, except tax claims, which will be paid interest at the applicable non-bankruptcy rate pursuant to 11 U.S.C. § 511.

b. **Amounts Owed:** Debtor estimates that these priority creditors are owed the amounts indicated.

| PRIORITY CREDITOR | EST. AMOUNT OWED |
|---|---|
| 1. N/A | $ |
| 2. | $ |
| 3. | $ |
| 4. | $ |

c. **Discharge**: Payments through the Trustee of the principal and pre-petition interest, if applicable, due on allowed pre-petition priority claims will result in a full and total discharge of all Debtor's obligations for those claims to the extent such debts are not otherwise excepted from discharge pursuant to the Bankruptcy Code.

**NON-STANDARD PROVISIONS FOR ¶ 7:**
**N/A**

8. **RELIEF FROM STAY REGARDING PROPERTY TO BE SURRENDERED:** On Plan confirmation, any creditor may repossess, foreclose upon, sell or obtain possession of the property the Plan proposes to surrender without obtaining stay relief. This provision does not prevent the earlier termination of the stay under operation of law or court order. Nothing contained in this section operates to permit *in personam* relief, modify any applicable co-Debtor stay or to abrogate Debtor's rights and remedies under non-bankruptcy law. The trustee shall not make distributions on account of any secured claim in this class.

| PROPERTY TO BE SURRENDERED | CREDITOR WITH SECURED CLAIM |
|---|---|
| N/A | |
| | |

**NON-STANDARD PROVISIONS FOR ¶ 8:**
**N/A**

9. **DEBTS SECURED BY REAL ESTATE.**

a. **Any creditor claiming a lien on any real property Debtor intends to retain will retain its lien pursuant to 11 U.S.C. § 1325(a)(5).**

b. **Debts secured by Debtor's Principal Residence:** The Debtor proposes to treat these debts pursuant to 11 U.S.C. § 1322(b)(5). These debts must be paid pursuant to U.S. Bankr. Ct. D. Kan. Standing Order 11-3 (hereafter S.O. 11-3) **[Change upon adoption]** which, as currently enacted or subsequently amended, is incorporated herein as though set forth in full. To the extent any Provision of this Plan conflicts with S.O. 11-3, the provisions of S.O. 11-3 control.

i. **Debtor declares as follows (check one):**

☒ Debtor has no principal residential real estate mortgage debt or is surrendering the principal residential real estate pursuant to ¶ 8; or,

☐ Debtor is current on all pre-petition mortgage payments secured by a mortgage on the principal residence and will pay all post-petition mortgage payments directly to the real property creditor as defined by S.O. 11-3; or,

☐ Debtor is not current on all pre-petition mortgage payments and will pay all post-petition mortgage payments through the Plan. The number of post-petition payments will be equivalent to the number of months from the first post-petition payment due under the Plan to the month after the last monthly payment under the Plan is made. The first post-petition mortgage payment through the Plan will begin with the \_\_\_\_\_(month)\_\_\_\_\_ \_\_\_\_\_(year)\_\_\_\_\_ payment, which is the third mortgage payment due after the filing of the petition. **The Chapter 13 Trustee will not make any disbursement of ongoing post-petition mortgage payments until the real property creditor files a proof of claim.** At the completion of the term of the Plan, Debtor will resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

ii. **Treatment of first two payments when paying post-petition mortgage payments through Plan:** The sum of (a) the two monthly post-petition mortgage payments coming due before the Trustee commences distribution of the regular ongoing mortgage payment under the Plan, (b) the two late fees, and (c) any contract interest (said sum referred to in this Plan as "Conduit Administrative Expenses") will be paid pursuant to S.O. 11-3(V)(B).

iii. **Payments on pre-petition mortgage arrearage:** These will be paid pro-rata with other similarly classed creditors over the life of the Plan. The Trustee will pay the arrearage contained in the creditor's proof of claim unless an objection is filed and sustained.

iv. **Interest on pre-petition arrearage:** Unless otherwise ordered by the Court, interest on the arrearage will be paid as follows:

☐ Interest will not be paid on the pre-petition arrearage.

☐ Contract rate interest will be paid on the pre-petition arrearage.

v. **List of debts secured by Debtor's principal residence.**

| REAL PROPERTY CREDITOR | LIEN PRIORITY (1ST, 2ND, 3RD) | AMOUNT OWED | EST. PRE-PETITION ARREARAGE AMOUNT | ONGOING MONTHLY PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

vi. **Effect of payment on pre-petition arrearage:** If Debtor pays the pre-petition arrearage determined by the Plan, together with interest required by the Plan, the pre-petition default will be cured and the note and other loan documents will be deemed current as of the date of filing. Any right of the mortgagee to recover any

Model Form Plan 12/1/11

amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events will be deemed extinguished.

      vii. **Effect of payment of post-petition payments through the Plan:** If Debtor pays the Conduit Administrative Expense and all post-petition mortgage payments through the Plan, any post-petition default on Debtor's residential home mortgage debt will be deemed cured, and all payments made on the debt through the date of Plan completion are current, with no arrearage, no escrow balance, late charges, cost or attorney fees owing.

**NON-STANDARD PROVISIONS FOR ¶ 9(b):**
**N/A**

    c. **Other Debts Secured by Non-residential Real Estate Liens**

      i. **Treatment of Claims of Real Estate Creditor when Payments Are Current.** As of the petition date, Debtor is current on all obligations to the Real Estate Creditors listed below and will pay the obligation(s) to any Real Estate Creditor listed below directly, and not through the Trustee.

| **CREDITOR** | **COLLATERAL** | **DEBT** |
|---|---|---|
| N/A | | $ |
| | | $ |
| | | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(i):**
    **N/A**

      ii. **Treatment of Claims When Debtor is Not Current and Debtor Proposes to Cure Pursuant to 11 U.S.C. § 1322(b)(5) (but does not otherwise propose to modify claim).**

      A) Debtor will pay all post-petition mortgage payments directly to the Real Estate Creditor listed below. Any arrearages will be paid pro-rata over the life of the Plan with other secured claims also being paid on a pro-rata basis. The Trustee will pay the arrearage contained in the creditor's proof of claim unless an objection is filed and sustained.

      B) Unless otherwise ordered by the Court, interest on the arrearage will be paid as follows:

        ☐ Interest will not be paid on the pre-petition arrearage.

        ☐ Contract rate interest will be paid on the pre-petition arrearage.

      C) If Debtor pays the pre-petition arrearage amount as determined by the Plan, together with applicable interest required by the Plan, any pre-petition default will be deemed cured and the note and other loan documents will be deemed current as of the date of filing. Any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events will be deemed extinguished.

Model Form Plan 12/1/11

| REAL ESTATE CREDITOR | COLLATERAL | AMOUNT OWED | EST. PRE-PETITION ARREARAGE AMOUNT |
|---|---|---|---|
| N/A | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(ii):**
**N/A**

    iii. **Treatment of Secured Claims Being Modified Through Plan.**

        A)  Real Estate Creditors listed below will be paid through the plan the value of the collateral or the amount of the claim, <u>whichever is less</u>, unless otherwise specified.

        B)  If Debtor proposes to pay the Real Estate Creditor on a pro rata basis with other secured claims also being paid on a pro-rata basis, rather than a fixed monthly amount as listed below, such provision must be included in the "Non-Standard Provisions" section for ¶ 9(c)(iii).

        C)  Interest will be paid on secured claims at the Trustee's current discount rate in effect on the date the Petition was filed unless otherwise provided in the "Non-Standard Provisions" section for ¶ 9(c)(iii).

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(iii):**
**N/A**

    iv. **Monthly payments:**  Any creditor treated in ¶ 9(c)(ii) and (iii) will receive monthly payments as listed above from the funds available to pay those claims after the deduction of Trustee fees.  If the Trustee does not have sufficient funds to pay the specific amount noted, the Trustee may adjust the payment so long as the claim will be paid before Plan completion.

**NON-STANDARD PROVISIONS FOR ¶ 9(c)(iv):**
**N/A**

10.  **DEBTS SECURED BY PERSONAL PROPERTY**

    a. **Lien retention and release:**  Any secured creditor whose note is secured by personal property, including "910 car" loan creditors and "one year loan" creditors, as those are defined by the paragraph following 11 U.S.C. § 1325(a)(9), will retain its lien pursuant to 11 U.S.C. § 1325(a)(5) and shall be required to release the lien at the time designated by 11 U.S.C. § 1325(a)(5).

**NON-STANDARD PROVISIONS FOR ¶ 10(a):**
**N/A**

Model Form Plan 12/1/11

b. **Monthly payments:** Debtor proposes to pay personal property secured creditors equal monthly amounts listed below from the funds available to pay those claims after the deduction of Trustee fees. If the Trustee does not have sufficient funds to pay the specific amount noted, the Trustee may adjust the payment so long as the claim will be paid before Plan completion. Interest will be paid on these claims at the Trustee's discount rate in effect on the date the Petition was filed, unless otherwise provided in the "Non-Standard Provisions" section for each associated paragraph.

**NON-STANDARD PROVISIONS FOR ¶ 10(b):**
N/A

c. **Pre-Confirmation Payments:** If Debtor proposes to make pre-confirmation payments, the amount stated below will be paid by the Trustee each month as if the Plan were confirmed and will continue to be paid upon confirmation. If Debtor proposes to pay these claims on a pro rata basis, such provision must be listed in the "Non-Standard Provisions" following each section. Any pre-confirmation payments paid by the Trustee will be credited against the allowed secured claim as though the Plan had been confirmed. **TO RECEIVE ANY PAYMENT (PRE- OR POST-CONFIRMATION), A CREDITOR MUST FILE A CLAIM THAT IS ALLOWED.**

**NON-STANDARD PROVISIONS FOR ¶ 10(c):**
N/A

d. **GENERAL SECURED CLAIMS:** Any creditor listed below whose claim is secured by personal property (other than 910 car loan or one year loan creditors) will be paid the value of its collateral or the amount of the claim, **whichever is less**, unless otherwise specified in the "Non-Standard Provisions" section for ¶ 10(d).

| **CREDITOR** | **COLLATERAL** | **DEBT** | **VALUE** | **MO. PAYMENT** |
|---|---|---|---|---|
| OneMain Financial | 2002 GMC Sonoma | $11,532.00 | $5,384.00 | $at least $100 per month |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(d):**
N/A

e. **910 CAR LOAN CREDITORS:** Each "910 car loan" creditor listed below will be paid the amount of the debt owed, unless the creditor agrees to receipt of less than the full amount under the Plan. **[Debtor must specifically include in the "Non-Standard Provisions" section for ¶ 10(e) if there is any attempt to pay less than the full amount of the claim.]** The Monthly Payment specified is an estimate, and the actual amount may vary, depending upon the amount of the allowed claim.

| **CREDITOR** | **COLLATERAL** | **DEBT** | **VALUE** | **MO. PAYMENT** |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(e):**
N/A

f. **ONE YEAR LOAN CREDITORS** The following creditors are one year loan creditors. Debtor proposes to pay these creditors the balance of the debt owed unless the creditor agrees to receipt of less than the full amount under the Plan. **[Debtor must specifically include in the "Non-Standard Provisions" section for ¶ 10(f) if there is any attempt to pay less than the full amount of the claim.]** The Monthly Payment specified is an estimate, and the actual amount may vary, depending upon the amount of the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | MO. PAYMENT |
|---|---|---|---|---|
| N/A | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

**NON-STANDARD PROVISIONS FOR ¶ 10(f):**
**N/A**

11. **SPECIAL CLASS CREDITORS**:

☐ There are no Special Class Creditors. (If neither box is selected, it will be deemed that no Special Class Creditors exist.)

OR

☒ The following listed creditors are Special Class Creditors. They will NOT share pro rata in the amount to be paid to general unsecured creditors as determined by Official Form 22C or the liquidated value of the estate pursuant to the "Best Interest of Creditors" test. Special Class Creditors will be paid pro rata with other specially classed creditors, if any, following payment of administrative claims, secured claims and priority claims in the manner provided by this Plan.

| CREDITOR | TOTAL DEBT | INTEREST RATE, IF ANY |
|---|---|---|
| Claim 2 Credit Bureau Services | $2,740.35 | 0.00% |
| Claim 4 Oberlin Medical Arts | $3,226.23 | 0.00% |
| Claim 11 Decatur Health Systems | $45,231.84 | 0.00% |
| Claim 12 Salina Regional Health Center | $788.97 | 0.00% |
| Claim 13 US Department of Education | $16,209.77 | 0.00% |

**NON-STANDARD PROVISIONS FOR ¶ 11, including identity and specific treatment of any Special Class Creditor:**
**The claims listed are solely those of Tina Lea Watson, from whom the Debtor's case was deconsolidated. They should receive no distribution in this case, as the Debtor is not obligated on the debts.**

12. **STUDENT LOAN OBLIGATIONS:** Any student loan will be paid, pro rata, with other general unsecured creditors. Interest will continue to accrue post-petition on non-dischargeable student loans and post-petition interest will only be paid to non-dischargeable student loans if allowed by 11 U.S.C. § 1322(b)(10). Any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and is excepted from discharge unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

**NON-STANDARD PROVISIONS FOR ¶ 12:**
**N/A**

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Debtor assumes the executory contracts and unexpired leases listed herein and will pay directly to the respective creditor any pre-petition arrearages and post-petition payments.

| CREDITOR | DESCRIPTION OF CONTRACT OR LEASE |
|---|---|
| N/A | |
| | |

**NON-STANDARD PROVISIONS FOR ¶ 13:**
**N/A**

14. **GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, including administrative and priority claims, from Debtor's projected disposable income in an amount not less than the amount those creditors would receive if the estate of Debtor were liquidated under chapter 7 on the date of confirmation pursuant to 11 U.S.C. § 1325(a)(4), the "best interest of creditors" test.

**NON-STANDARD PROVISIONS FOR ¶ 14:**
**N/A**

15. **"BEST INTERESTS OF CREDITORS TEST."** Debtor represents that the property listed below would have the designated liquidation value if it were liquidated in a Chapter 7 case. (List property, explain how the computation of the liquidation value was made, or attach a separate document explaining computation.)

    a. **Total liquidation value:** $0.00

    b. **Explanation of Calculation:**
**Debtor's nonexempt assets total less than $500.**

**NON-STANDARD PROVISIONS FOR ¶ 15:**
**N/A**

16. **PROPERTY OF THE ESTATE**:

Model Form Plan 12/1/11

    a. In addition to the property specified in 11 U.S.C. § 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings.  Except as otherwise provided, Debtor will remain in possession of all property of the estate.

    b. All property of the estate will vest in Debtor at discharge or dismissal of the case.

**NON-STANDARD PROVISIONS FOR ¶ 16:**
**N/A**

17. **OTHER GENERAL PLAN PROVISIONS:**
(List any other Plan provision here that is not already noted, does not relate to a provision above, where space is not available, or that deviates from the model plan.)
**N/A**

18. **This Plan contains no provisions deviating from the model plan adopted by the Court and in effect at the time of the filing of this case unless they are specifically set out in ¶ 17 or in the specific "NON-STANDARD PROVISIONS" sections contained in the model plan.**

Dated: _____    Debtor:    *s/Robert Dale Gaines*

                             Debtor:    *s/*
                                         (Note:  Obtaining the Debtor's signature is optional.)

*s/Rick E. Hodge, Jr.*
Attorney for Debtor